**[ECF No. 6]**

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **J.M.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LEGACY HEALING CENTER, et al.,**<br><br>**Defendants.** | **Civil No. 26-6903 (KMW/EAP)** |

**MEMORANDUM ORDER**

This matter having come before the Court by way of Plaintiff's Motion to Proceed with Use of a Pseudonym, ECF No. 6 (Pl.'s Mot.); and Defendants not having filed opposition to the Motion, *see generally* Dkt.; and the Court deciding this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1; and for good cause shown, the Court finds the following:

**A.** **Factual Background**[1]

1. According to the Complaint, Defendants Legacy Healing Center; Legacy Healing and Treatment New Jersey, LLC d/b/a Luxury Rehab Center Cherry Hill; and Legacy Healing New Jersey, LLC d/b/a Luxury Rehab Center Cherry Hill (collectively, the "Legacy Defendants") hold themselves out as "a comprehensive addiction treatment and behavioral health provider." Compl. ¶ 15. At their Cherry Hill, New Jersey facility, the Legacy Defendants provide partial hospitalization, intensive outpatient, and outpatient programs for their clients. *Id.* ¶ 16.

[1] The Court takes the factual background from Plaintiff's Complaint, ECF No. 1 (Compl.).

2. Defendants Citadel 12 a/k/a Citadel 12 Living a/k/a Citadel 12 Housing; HEF Ventures, LLC d/b/a Citadel 12; and Su Feng Shen (collectively, "Citadel") provide sober living homes throughout New Jersey and Ohio for use by clients of the Legacy Defendants. *Id.* ¶¶ 17-19.

3. In 2024, Plaintiff J.M. began treatment for his substance abuse disorder with the Legacy Defendants. *Id.* ¶ 23. As a non-local client, he was required to live in Citadel housing and stayed in a sober living home at 285 Mt. Laurel Road, Mt. Laurel Township, New Jersey. *Id.* ¶¶ 24-25. This property is known as "The Estates" and is owned and operated by Defendant HEF Ventures. *Id.* ¶¶ 25-26. During the day, Plaintiff would receive treatment at the Legacy Defendants' facility, and at night, he would be brought to The Estates. *Id.* ¶ 27.

4. While at The Estates, Plaintiff—then twenty-nine years old—had a roommate (the "Perpetrator"), who was then forty years old. *Id.* ¶¶ 28-30. Almost immediately after they began living together at The Estates, the Perpetrator offered Plaintiff drugs. *Id.* ¶ 31. Although Plaintiff requested a transfer to a different Citadel house, his request was refused by his Legacy therapist. *Id.* ¶ 32. A few days later, after Plaintiff got out of the shower, the Perpetrator "repeatedly tried to hump Plaintiff" and take off his towel, which was witnessed by employees of the Legacy Defendants and Citadel. *Id.* ¶¶ 33-34. The next day, the Perpetrator came up to Plaintiff in his bedroom at The Estates and strangled him with a belt. *Id.* ¶ 35. A few days later, while Plaintiff was lying on his bed, the Perpetrator climbed on top of him, pinned him down, pulled down his own pants, and rubbed his genitals on Plaintiff. *Id.* ¶ 36. Shortly thereafter, the Perpetrator showed Plaintiff an explicit video of the Perpetrator masturbating. *Id.* ¶ 37.

5. Plaintiff reported what happened to employees of the Legacy Defendants and Citadel, who assured him that the Perpetrator would no longer be allowed around him and

promised that the Perpetrator would be kicked out. *Id.* ¶¶ 39-40. However, the Legacy Defendants took no action, and the Perpetrator continued to follow Plaintiff around, harass him, and make sexual noises at him. *Id.* ¶ 41. At one point, Plaintiff locked himself in the bathroom and texted The Estates' supervisor to advise him of the harassment, but he was told to "just ignore [Perpetrator]." *Id.* ¶ 42.

6. Despite assurances that the Perpetrator would be removed from the program, Defendants continued to permit the Perpetrator to have access to Plaintiff and be in Plaintiff's therapy group. *Id.* ¶ 43. Although the Perpetrator was eventually removed from the Legacy program and The Estates, Plaintiff also left the Legacy program and filed a police report. *Id.* ¶ 45. Ultimately, the police charged the Perpetrator with the assault, and the Perpetrator pled guilty. *Id.* ¶ 47. Shortly after leaving the Legacy program, Plaintiff relapsed. *Id.* ¶ 48.

7. On June 10, 2026, Plaintiff filed a Complaint against Defendants, setting forth the following claims: (1) negligence (Count I), *id.* ¶¶ 51-55; (2) intentional and/or negligent infliction of emotional distress (Count II), *id.* ¶¶ 56-57; (3) negligent training and supervision (Count III), *id.* ¶¶ 58-60; (4) premises liability (Count IV), *id.* ¶¶ 61-68; and (5) violation of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-1, *et seq.* (Count V), *id.* ¶¶ 69-91.

8. Plaintiff now moves for an order to proceed with the use of a pseudonym. Pl.'s Mot. Defendants have not filed opposition to the Motion. "[B]ecause a motion for leave to proceed under pseudonym intrudes on the public's right of access to judicial proceedings, the Court cannot grant the motion as unopposed without further analysis." *Doe v. Drexel Univ.*, No. 23-3555, 2023 WL 8373166, at *1 (E.D. Pa. Dec. 4, 2023).

**B. <u>Legal Standard</u>**

9. "[O]ne of the essential qualities of a Court of Justice [is] that its proceedings should be public." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Daubney v. Cooper*, 109 Eng. Rep. 438, 441 (K.B. 1829); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)). Federal Rule of Civil Procedure 10(a) embodies that principle by "requir[ing] parties to a lawsuit to identify themselves in their respective pleadings." *Id.* at 408 (citing Fed. R. Civ. P. 10(a); *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). "A plaintiff's use of a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Id.* (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)).

10. Nonetheless, courts have recognized that "in exceptional cases," a party may proceed anonymously. *Id.* "Examples of areas where courts have allowed pseudonyms include cases involving 'abortion, birth control, trans[s]exuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality,'" *id.* at 408 (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)), as well as "cases involving victims of sexual assault," *Doe v. Princeton Univ.*, No. 20-4352, 2020 WL 3962268, at *2 (D.N.J. July 13, 2020) (citations omitted).

11. The Third Circuit Court of Appeals has set forth a "non-exhaustive, multi-factor test" to be used in determining whether a plaintiff's "reasonable fear of severe harm" merits an exception to "'the public's common law right of access to judicial proceedings.'" *Doe v. Coll. of N.J.*, 997 F.3d 489, 495 (3d Cir. 2021) (quoting *Megless*, 654 F.3d at 408). The factors in favor of anonymity include:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality

> of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Coll. of N.J.*, 997 F.3d at 495 (quoting *Megless*, 654 F.3d at 409).

12. The factors "advising against anonymity" include:

> (1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Megless*, 654 F.3d at 409).

13. Ultimately, "[t]he *Megless* factors require a fact-specific, case-by-case analysis." *Id.* "Decisions regarding whether to allow a party to proceed under a pseudonym are consigned to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion." *Homesite Ins. Co. of the Midwest v. Ewideh*, No. 22-1664, 2023 WL 426923, at *2 (M.D. Pa. Jan. 26, 2023).

**C. <u>Analysis</u>**

14. Applying the above standard, the Court finds that the *Megless* factors weigh substantially in favor of granting Plaintiff's Motion to Proceed with Use of a Pseudonym.

15. Turning initially to the factors weighing in favor of anonymity, the Court must <u>first</u> consider the extent to which Plaintiff's identity has been kept confidential. *Megless*, 654 F.3d at 409. Plaintiff contends that his "name has not been publicly reported despite his involvement in the Perpetrator's criminal proceedings as is common in sexual abuse prosecutions." Pl.'s Mot. at 3. Nothing in the record before the Court suggests that Plaintiff has ever publicly disclosed his

identity in connection with this matter. As such, this factor weighs in favor of Plaintiff's requested relief.

16. Second, Plaintiff has established a reasonable fear of harm from the public disclosure of his name. Courts in the Third Circuit have repeatedly allowed victims of sexual assault to proceed under a pseudonym due to a reasonable fear of harm from disclosure of their identities. *See, e.g.*, *Doe v. Phila.*, No. 23-0342, 2023 WL 4110064, at *3 (E.D. Pa. June 21, 2023) (holding that plaintiff's "fear of substantial public stigmatization and backlash . . . given her detailed allegations of sexual assault at the hands of a law enforcement agent" weighed in favor of anonymity); *Doe v. Schuylkill Cnty. Courthouse*, No. 21-477, 2022 WL 1424983, at *8 (M.D. Pa. May 5, 2022) (finding that fear of stigmatization and ongoing embarrassment and humiliation is "a consideration which has been held to weigh in favor of anonymity for plaintiffs who have alleged they were sexually harassed or assaulted"); *Doe v. Lund's Fisheries, Inc.*, No. 20-11306, 2020 WL 6749972, at *2 (D.N.J. Nov. 17, 2020) (finding that plaintiff's status as an alleged victim of sexual assault demonstrates "substantial grounds to support his fear of public disclosure"); *Princeton Univ.*, 2020 WL 3962268, at *3 (granting motion to proceed under a pseudonym where plaintiff was an alleged victim of sexual assault and noting that "victims of sexual assault have been deemed members of a vulnerable class worthy of protected status"); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (granting motion to proceed under pseudonym where plaintiff claimed to have been sexually assaulted by defendant state trooper).

17. Here, Plaintiff has alleged that he was the victim of a sexual assault while a patient in the Legacy Defendants' rehabilitation program and residing in Citadel's housing. "Plaintiff seeks to avoid the distress, public shame, and personal and/or professional harm involved in public

disclosure of his name." Pl.'s Mot. at 3. Given Plaintiff's reasonable and well-founded fear of ongoing stigmatization, trauma, embarrassment, and humiliation, anonymity is appropriate.

18. Third, the Court must consider the "magnitude of the public interest in maintaining the confidentiality of the litigant's identity[.]" *Megless*, 654 F.3d at 409 (quotation omitted). This factor supports anonymity if "other similarly situated litigants [would] be deterred from litigating claims that the public would like to have litigated[]" if they could not proceed pseudonymously. *Id.* There is a "public interest in preserving the courage to sue." *Del. Valley Aesthetics, PLLC v. Doe 1*, No. 20-456, 2021 WL 2681286, at *2 (E.D. Pa. June 30, 2021); *see also Doe v. Rutgers*, No. 18-12952, 2019 WL 1967021, at *3 (D.N.J. Apr. 30, 2019) ("There is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs."); *Doe v. Oshrin*, 299 F.R.D. 100, 104 (D.N.J. May 28, 2014) (citing *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001) (finding that "the public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights")).

19. Plaintiff asserts that if he must expose his identity on the docket, it will have a chilling effect and dissuade other sexual abuse victims from pursuing their legal rights and cooperating with criminal investigations. Pl.'s Mot. at 3. The Court agrees. Therefore, this factor also weighs in favor of anonymity.

20. Fourth, the Court must examine the public's interest, if any, in ascertaining Plaintiff's identity. *See Megless*, 654 F.3d at 409 (quotation omitted). Both Plaintiff and Defendants are private parties litigating highly sensitive issues, thus attenuating the public's interest in knowing Plaintiff's identity. Moreover, the public's ability to monitor the litigation will remain unimpeded because Plaintiff's Motion only seeks to allow him to maintain confidentiality

over his own identity. The remainder of the docket will remain public. As such, the use of a pseudonym will "not interfere with the public's right or ability to follow the proceedings." *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997).

21. Fifth, the Court must consider the "undesirability of an outcome adverse to the pseudonymous party and attributable to [the party's] refusal to pursue the case at the price of being publicly identified[.]" *Megless*, 654 F.3d at 409 (quotation omitted). Here, Plaintiff has proffered that requiring him to disclose his identity "may deter [him] from exercising his legal rights and pursuing [his] legal remedies." Pl.'s Mot. at 4. Giving credence to this allegation, the Court finds that the fifth factor favors anonymity. *See Oshrin*, 299 F.R.D. at 104 (finding fifth *Megless* factor satisfied by a complaint's proffer that plaintiff's willingness to pursue her claims would be inhibited by denial of anonymity).

22. Finally, the last *Megless* factor in favor of anonymity asks "whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Megless*, 654 F.3d at 409 (quotation omitted). Because Plaintiff has provided valid reasons for proceeding anonymously, and because the record contains no suggestion of an illegitimate ulterior motive, the Court finds that this factor does not weigh against anonymity.

23. Turning next to the *Megless* factors that weigh against anonymity, the Court finds that these factors "do not tip the balance" against Plaintiff's Motion. *Rutgers*, 2019 WL 1967021, at *4.

24. First, although there is a "universal public interest in access to the identities of litigants," *Megless*, 654 F.3d at 411, "this interest exists in some respect in all litigation and does not outweigh the strength of the factors in favor of Plaintiff's use of a pseudonym." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 551 (D.N.J. July 14, 2006).

25. Second, the Court must consider "whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained[.]" *Megless*, 654 F.3d at 409 (quotation omitted). There is not. "[T]he subject matter of this litigation [sexual assault] is common . . . [and] Plaintiff is not a public figure," thus creating no heightened public interest. *Doe v. New Jersey*, No. 24-9531, 2024 WL 4880260, at *4 (D.N.J. Nov. 25, 2024).

26. Finally, the Court notes that neither Defendants, the public, nor the press has expressed opposition to Plaintiff's Motion. Therefore, this factor does not weigh against anonymity in the analysis.

27. Overall, the Court finds that the balance of the *Megless* factors weighs heavily in favor of allowing Plaintiff to proceed under a pseudonym. The sensitive factual circumstances alleged in this case, combined with the lack of any particularly heightened public interest in Plaintiff's identity, outweigh the importance of fully open judicial proceedings.

**THEREFORE, IT IS** this **28th** day of **October 2026**,

**ORDERED** that Plaintiff's Motion to Proceed with Use of a Pseudonym is **GRANTED**.

s/Elizabeth A. Pascal
ELIZABETH A. PASCAL
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.